```
                UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                       Norfolk Division
```

**RODNEY H. WILLIAMS,**

                **Petitioner,**

**v.**                                                                                 **2:08CV381**

**UNITED STATES OF AMERICA,**

                **Respondent.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

On January 27, 2003, in the United States District Court for the Eastern District of Virginia, Norfolk Division, petitioner was convicted of twelve counts of wire fraud, two counts of identity theft, and one count of false use of a social security number. As a result of the convictions, petitioner was sentenced to eighty-six months imprisonment; three years of supervised release, defined by specific and enumerated conditions; and a special assessment in the amount of $1,500.00 and restitution.

On September 11, 2004, the conviction was affirmed by the Fourth Circuit Court of Appeals. Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which was dismissed March 16, 2006. On September 26, 2006, the dismissal of the petition was affirmed on appeal. Petitioner then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, but the petition was denied on October 19, 2006.

On June 19, 2008, after completing his term of imprisonment, petitioner was released from custody. In accordance with his sentence, petitioner was placed on supervised release under the auspices of the United States Probation Office in Louisville, Georgia, where he currently resides. On June 24, 2008, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in the Southern District of Georgia, which was dismissed September 26, 2008.

On August 14, 2008, petitioner filed a petition for writ of habeas corpus in this Court, and on October 6, 2008, respondent filed a motion to dismiss. This matter is now ripe for consideration.

### B. Grounds Alleged

Petitioner alleges that the oral pronouncement of his sentence differed substantially from the written sentencing order, specifically that the oral pronouncement did not include any terms of supervised release or restitution. As a result, petitioner alleges that the written order is wrongful on numerous constitutional grounds, and he seeks to have the oral pronouncement, as he interprets it, strictly enforced.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. 28 U.S.C. §§ 2241 and 2255 Habeas Petitions

Habeas corpus petitions filed by federal prisoners are governed by 28 U.S.C. §§ 2241 and 2255. Under the statute, a petitioner must be "in custody" to seek habeas relief. However, an individual on parole or on supervised release is considered "in custody" for purposes of the habeas corpus petition. Maleng v. Cook, 490 U.S. 488, 491 (1989); Jones v. Cunningham, 371 U.S. 236, 243 (1963). In this case, petitioner, who is currently under supervised release, is "in custody" and is, therefore, entitled to file a habeas petition.

The sole means through which a federal prisoner may challenge the validity of a conviction or sentence, except where "the remedy by

motion is inadequate or ineffective to test the legality of his detention" is through 28 U.S.C. § 2255. See Cowles v. Brooks, 241 F. Supp. 2d 579, 581 (E.D. Va. 2002); Swan v. Pressley 430 U.S. 372, 377-388 (1977). Thus, challenges to the imposition of a sentence must be brought pursuant to § 2255, whereas challenges to the execution of a sentence must be brought pursuant to § 2241. Cowles, 241 F. Supp. 2d at 581.

Petitioner explicitly states that he "is not challenging his sentence," yet, he demands that the oral sentence be strictly enforced. As the United States District Court of Georgia observed in dismissing petitioner's previous § 2241 petition, petitioner "is challenging a condition set in his judgment. That this condition is purportedly inconsistent with the sentencing judge's oral pronouncement of the sentence does not alter the fact that petitioner is challenging his sentence." (Mot. to Dismiss, Ex. B at 4.) Therefore, petitioner's claims constitute an attack upon his sentence and the terms of his supervised release, not on the execution of the sentence. That the petition was filed pursuant to § 2241 is not determinative where the substance of the petition falls within the scope of § 2255. See Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004). Accordingly, as a § 2241 petition, the petition is improperly before the Court and should be DISMISSED.

### B. The Petition is Barred by the Statute of Limitations

Even if the petition was properly before the Court, it would be barred by the statute of limitations. The one-year limitations period for § 2255 petitions runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United State is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discoverable through the exercise of due diligence.

28 U.S.C. § 2255(f). Judgment in petitioner's case became final on January 27, 2003. Petitioner makes no claim of an impediment to filing a petition under § 2255, due to a government action in violation of the Constitution, nor does he claim that a new right has been recognized by the United States Supreme Court made retroactive to his case. The facts upon which petitioner's claim rest have been available since his sentencing date. In fact, petitioner's previously filed habeas petition reveals that he was cognizant of the totality of his sentence. In dismissing petitioner's § 2241 petition, the United States Court of Appeals for the Eleventh Circuit, stated that petitioner

> filed a memorandum in which he argued that, as part of his sentence, the district court had ordered him to pay a special assessment of $1500 and restitution under the Mandatory Victims Restitution Act (MVRA) in the amount of $186,942.58. He stated that the court's order required him to pay no less than $200 per month beginning 60 days after he was placed on supervised release.

<u>Williams v. Pearson</u>, 197 Fed. App. 872 (11th Cir. Sept. 26, 2006). It is evident that petitioner had full knowledge of his sentence as indicated in the written sentencing order. Even if the Court used the date upon which the § 2241 petition was dismissed by the Eleventh Circuit, the petition would still be untimely, as it was not filed until August 14, 2008. Accordingly, the petition is barred by the statute of limitations and should be DISMISSED.

## C. Successive Petitions

### 1. § 2255 petitions

Even if the petition was properly filed as a § 2255 petition and was not barred by the statute of limitations, the petition is successive. After the disposition of a § 2255 petition, a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Petitioner filed a previous § 2255 petition, which was denied October 19, 2006, thus making the current petition (although improperly filed as a § 2241 petition) a successive petition. To be certified by the Court of Appeals, a successive petition must contain:

> (1) newly discovered evidence that, if proven, and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
> 28 U.S.C. § 2255.

Neither factor is present in this case. Since the Court of Appeals has not authorized the current filing, the petition is successive and should be DISMISSED.

### 2. § 2241 petitions

Even if the petition could survive as a § 2241 petition, it is successive. The statute states:

> [n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244 (a). Six weeks before filing the current petition, petitioner filed a § 2241 petition in the United States District Court for the Southern District of Georgia. The Georgia petition corresponds almost word-for-word with the current petition and raises the same claims. On September 26, 2008, the Georgia Court dismissed the petition, stating that petitioner was merely trying to "circumvent" the aforementioned requirements of filing a petition under § 2255. (Mot. to Dismiss Ex. B, fn. 6, at 4-5.)

Regarding successive § 2241 petitions, the Third Circuit Court of Appeals recently stated that:

> the provisions of § 2244(b) refer specifically to claims presented in a second or successive habeas corpus petition filed pursuant to 28 U.S.C. § 2254 and therefore do not apply to a petition filed pursuant to § 2241. However, § 2244(a)... does not reference § 2254, and thus by its terms applies to any application for a writ of habeas corpus filed by a person who is in detention pursuant to a judgment of a court of the United States.

Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008). In the case before the Court, the language of § 2241 governs the petition. Therefore, the legality of the imposition of petitioner's sentence, specifically in regard to the terms of the supervised release and restitution, has in fact been determined by a judge of the United States on the aforementioned prior application for a writ of habeas corpus pursuant to § 2241. As a § 2241 petition, the petition is successive and should be DISMISSED.

### E.  "Inadequate or Ineffective" Remedy

Despite the above, there is an exception to the statute of limitations and to the successive rule on § 2255 petitions. A petition for writ of habeas corpus may be filed under § 2241, if it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the

legality of detention." 28 U.S.C. § 2255. However, the denial of a prior § 2255 petition does not qualify as inadequate or ineffective grounds. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000); Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Overman v. United States, 322 F.2d 649 (10th Cir. 1963). Section 2255 is inadequate or ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit, or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. Petitioner does not meet the conditions. Petitioner's supervised release is part of his original sentence and is specifically authorized by 18 U.S.C. §§ 3583(a) and (b). See United States v. Woodrup, 86 F.3d 359, 361 (4th Cir. 1996). The law has not changed or been altered regarding the authorization of supervised release. Because the petition does not qualify as an exception to the bar against successive petitions, or for those outside the statute of limitations, the petition should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules

of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                /s/
                                   **James E. Bradberry**
                                   **United States Magistrate Judge**

**Norfolk, Virginia**
**December 2, 2008**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

    Rodney H. Williams
    1379 Bermuda Drive
    Louisville, GA 30434

    Anita K. Henry, Esq.
    Assistant United States Attorney
    World Trade Center, Suite 8000
    101 West Main Street
    Norfolk, VA 23510

    Fernando Galindo, Clerk

By _____
        Deputy Clerk

_____, 2008