UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
JAN - 9 2009
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

RODNEY H. WILLIAMS,

        Petitioner,

v.                                         2:08CV381

UNITED STATES OF AMERICA,

        Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petition alleges violation of federal rights pertaining to the imposition of supervised release and the conditions of release, related to petitioner's convictions on January 27, 2003, in the United States District Court for the Eastern District of Virginia, Norfolk Division.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on December 1, 2008. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on December 22, 2008, objections to the report.

The Court, having reviewed the record and examined the objections filed by the petitioner and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate

Judge. Therefore, it is ORDERED that the petition be DENIED and DISMISSED on the fact that it is an improperly filed petition and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the Magistrate Judge's findings and recommendations, the objections are without merit, for several reasons. First, the petition is barred by the statute of limitations. Petitioner was convicted and sentenced in 2003, his conviction became final in September, 2004, and his first post-conviction petition for relief was not filed until 2005. Petitioner makes no claim of any impediment to filing a habeas petition any sooner than he did, the facts upon which his case depends were known to him when his incarceration began, and he was cognizant of his sentence from the time he received it, as noted by the Eleventh Circuit. Williams v. Pearson, Fed. App. 872 (11th Cir. Sept. 26, 2006).

Second, the petition is successive. Petitioner has already filed two prior § 2241 petitions and one § 2255 petition. The petition now before the court has been filed as a § 2241 but is, in fact, a § 2255 petition. In none of the filings does petitioner establish that he has received permission to file a subsequent petition by the appropriate Court of Appeals. Accordingly, petitioner has no right to be here.

Third, petitioner has alleged no facts which support his assertion that a § 2255 claim is an inadequate or ineffective remedy, thus justifying a petition under § 2241. Petitioner simply does not meet the conditions required for a subsequent § 2241 petition, after denial of a § 2255 petition.

Fourth, under the provisions of 28 U.S.C. § 636(b)(1), a District Court may refer matters such as petitioner's claims to a United States Magistrate Judge for consideration and recommendation. If necessary, the

2

Magistrate Judge may conduct an evidentiary hearing, but in this case, no such hearing was required.

Fifth, petitioner's demand for a jury is completely unjustified. Accordingly, the matter will be given no further consideration.

Sixth, petitioner's attacks on this Court are unsupported by the record and deserve no further consideration. The case was tried and resolved against petitioner and the decision was upheld on appeal. Since then, petitioner has done little except complain that he has three years of supervision to serve and that he is required to make significant payments in restitution for the harm he created. The sentencing by this Court was clearly within the statutory guidelines, and petitioner's objections are without merit.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within sixty days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for respondent.

/s/
Raymond A. Jackson
United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
1/8/09            , 2008

3